Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendant
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT
erroneously named herein as CITY COLLEGE OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED HATTER, | Case No.: CV08-3334 SBA |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE** |
| vs. | |
| CITY COLLEGE OF SAN FRANCISCO, | |
| Defendant. | Date: September 23, 2008
Time: 1:00 p.m.
Dept.: Courtroom 3, 3rd Floor

Honorable Saundra B. Armstrong |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE that on September 23, 2008 at 1:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Saundra B. Armstrong in Courtroom 3, 3rd Floor, of the above-entitled court, located at 1301 Clay Street, Suite 400 S, Oakland, California, defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT ("DISTRICT"), erroneously named herein as CITY COLLEGE OF SAN FRANCISCO, will and does move this court to strike all requests for punitive and exemplary damages against the DISTRICT.

Pursuant to FRCP 12(f), the DISTRICT, as a public entity, is immune from punitive and exemplary damages under California Government Code section 818. The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the proposed order

1

and the pleadings and papers filed herein.

The DISTRICT attempted to meet and confer with plaintiff prior to filing this motion, and the accompanying motion to strike, by telephoning plaintiff's number of record, (415) 377-2480, and leaving a message. The DISTRICT was unable to speak with plaintiff and filed this motion to comply with relevant deadlines.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     RELEVANT FACTS

Plaintiff filed this action on June 9, 2008, in the Superior Court of California, for the County of San Francisco. The DISTRICT removed the action to this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331 on July 10, 2008.

Plaintiff alleges that the DISTRICT violated his rights when plaintiff was allegedly wrongfully removed from campus and issued citations. *See Complaint ¶ 11 & p. 7.* In his form complaint, plaintiff prays for punitive damages against the DISTRICT, a public entity. *See Complaint ¶ 14 (a)(2).*

### II.    PLAINTIFF'S REQUESTS FOR PUNITIVE AND EXEMPLARY DAMAGES

The DISTRICT moves to strike the following excerpt from plaintiff's complaint:

1.    "Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for…(2) punitive damages." *See Complaint ¶ 14 (a)(2).*

### III.   GROUNDS FOR MOTION TO STRIKE

Defendant DISTRICT brings its Motion to Strike pursuant to Federal Rules of Civil Procedure, Rule 12(f). Rule 12(f) provides, in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

A motion to strike may be used to strike portions of the complaint where the relief sought is not recoverable as a matter of law. *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D.Cal. 2005). A motion to strike can apply to a request for punitive damages. *Id*.

The DISTRICT is immune from punitive damages and plaintiff has no legal basis to request punitive and exemplary damages against the DISTRICT. Plaintiff's request for punitive and exemplary damages is thus improper and, pursuant to Rule 12(f), this allegation should be stricken.

### IV.    ARGUMENT

According to California Government Code section 818, public entities are immune from punitive and exemplary damages. That section states, "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." Cal. Gov. Code § 818. California courts interpret Government Code section 818 to forbid recovery of punitive damages against a public entity (*see, e.g. Kizer v. City of San Mateo*, 53 Cal.3d 139, 144 (1991); *Masters v. San Bernardino Cty. Employees Retirement Assn.*, 32 Cal.App.4th 30, 40 (1995)), and this Court has likewise enforced this rule. *See, e.g., Tan v. Univ. of California San Francisco*, 2007 WL 963223, at *1 (N.D. Cal. 2007), 2007 U.S. Dist. LEXIS 27436; *Wilbur v. City of San Leandro*, 2006 WL 708654, at *3-4 (N.D. Cal. 2006), 2006 U.S. Dist. LEXIS 15750.

"It has been widely accepted that a public school and its board is a 'public entity' within the meaning of [Cal. Government Code § 818]." *Tan*, *supra*, 2007 WL 963223, at *3, 2007 U.S. Dist. LEXIS 27436. "Since punitive damages are primarily designed to punish defendants rather than compensate plaintiffs, a claim for punitive damages against a school is futile under Government Code § 818." *Id.*

Accordingly, this Court should grant DISTRICT'S motion to strike plaintiff's request for punitive and exemplary damages.

### V.    CONCLUSION

The DISTRICT is immune from claims for punitive and exemplary damages. Plaintiff's request for such damages, as stated above, must be stricken from the complaint as it is improper. For these reasons, the DISTRICT respectfully requests that this Court strike the reference to the request for punitive and exemplary damages against defendant DISTRICT.

Dated: July 15, 2008                BERTRAND, FOX & ELLIOT

By: _____/s/_____
EUGENE B. ELLIOT
CHRISTINE LEE
Attorneys for Defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT