1  Eugene B. Elliot, State Bar No. 111475
   Christine Lee, State Bar No. 231617
2  BERTRAND, FOX & ELLIOT
   The Waterfront Building
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone:   (415) 353-0999
   Facsimile:   (415) 353-0990
5
   Attorneys for Defendant
6  SAN FRANCISCO COMMUNITY COLLEGE DISTRICT
   erroneously named herein as CITY COLLEGE OF SAN FRANCISCO
7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11 FRED HATTER,                      ) Case No.:   CV08-3334 SBA
                                     )
12         Plaintiff,                ) Date:    September 23, 2008
      vs.                            ) Time:    1:00 p.m.
13                                   ) Dept:    Courtroom 3, 3rd Floor
   CITY COLLEGE OF SAN FRANCISCO,    )
14                                   ) Honorable Saundra B. Armstrong
           Defendant.                )
15                                   )

16

17

18

19     **DEFENDANT SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S
       NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
20     POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, AND IN
       THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT  [FRCP
21     12(b)(6) & 12(e)]**

22

23

24

25

26

27

28

                                          1

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
                        OF MOTION TO DISMISS

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that on September 23, 2008 at 1:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Saundra B. Armstrong in Courtroom 3, 3rd Floor of the above-entitled court, located at 1301 Clay St., Ste. 400 S, Oakland, California, defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT ("DISTRICT'), erroneously named herein as CITY COLLEGE OF SAN FRANCISCO, will and do move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) and, in the alternative, move this Court for a more definite statement under Rule 12(e), because plaintiff's complaint fails to state a cause of action as to his federal and state claims, and the complaint is so vague and ambiguous that defendant cannot prepare a meaningful response.

The DISTRICT seeks to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) because the complaint fails to state a cause of action as to each of the federal claims. Plaintiff has also failed to state a claim under Rule 12(b)(6) for his state law tort causes of action under California tort law and the California Government Code.

Alternatively, the DISTRICT moves this Court for a more definite statement under Federal Rules of Civil Procedure Rule 12(e). It is not at all apparent what violations plaintiff alleges. The plaintiff is proceeding *in pro per* and used a form complaint. However, plaintiff did not alert the DISTRICT as to what causes of action he brings anywhere on the form. He only provides a practically incoherent narrative on an attachment to the complaint that leaves the DISTRICT guessing as to his allegations. The DISTRICT also requests a jury trial.

The DISTRICT attempted to meet and confer with plaintiff prior to filing this motion, and the accompanying motion to strike, by telephoning plaintiff's number of record, (415) 377-2480, and leaving a message. The DISTRICT was unable to speak with plaintiff and filed this motion to comply with relevant deadlines.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT ("DISTRICT"), erroneously named herein as "COMMUNITY COLLEGE OF SAN FRANCISCO", brings this

1  motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim
2  upon which relief may be granted, and in the alternative moves for a more definite statement under
3  Rule 12(e).

4  Plaintiff FRED HATTER seeks monetary compensation for damages allegedly sustained
5  when he was removed from the DISTRICT'S campus on May 15, 2007 for threatening a student who
6  works for the San Francisco Sheriff's Department.  Plaintiff contends in his handwritten complaint
7  that the DISTRICT removed him from campus in violation of his federal and state rights.  Plaintiff
8  alleges that he had meetings with the DISTRICT prior to his removal from campus, but fails to
9  provide any dates of these meetings.  He further alleges that he did not make a threatening statement,
10 but merely made a religious statement to the student.  Plaintiff seeks compensatory and punitive
11 damages.

12 The DISTRICT is a public entity and is immune from claims of general negligence.  Further,
13 plaintiff does not allege that he complied with the Tort Claims Act prior to filing his complaint.

14 The form complaint only indicates "Other" in the section where plaintiff checks what causes
15 of action he alleges.  Plaintiff appears to attempt to assert federal claims for harassment and
16 discrimination under Title IX of the Education Amendments of 1972 to the Civil Rights Act of 1964
17 ("Title IX") and disability discrimination under the "disability act," assumed to be the Americans
18 with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

19 First, to the extent he attempts to assert a cause of action under Title IX, plaintiff does not
20 assert such a claim because he does not allege that any conduct by the DISTRICT was gender-based,
21 as required by Title IX.  This cause of action should be dismissed.

22 Second, to the extent he attempts to assert a cause of action under the ADA, plaintiff does not
23 state such a claim because he does not allege that he is a disabled individual or that the DISTRICT'S
24 conduct was by reason of his disability.  This cause of action should similarly be dismissed.

25 Plaintiff also appears to assert state law tort claims for invasion of privacy and negligence.
26 These causes of action should be dismissed because the DISTRICT, a public entity, is immune from
27 common law tort claims.  Further, plaintiff does not allege compliance with the Tort Claims Act
28 procedures.

In the alternative, plaintiff's complaint is so vague and ambiguous that the DISTRICT cannot form a meaningful response and therefore defendant moves for a more definite statement.

## II. STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement of the issues to be decided by the Court:

1) If plaintiff attempts to state a cause of action under Title IX, whether he fails to state a claim upon which relief can be granted against the DISTRICT because he does not allege that any of the DISTRICT'S conduct was gender-based.

2) If plaintiff attempts to state a cause of action for disability discrimination under the ADA, whether he fails to state a claim upon which relief can be granted against the DISTRICT because he fails to allege that he is disabled.

3) If plaintiff attempts to state a cause of action for disability discrimination under the ADA, whether he fails to state a claim upon which relief can be granted against the DISTRICT because he fails to allege that the discrimination was by reason of his disability.

4) If plaintiff attempts to state a cause of action for invasion of privacy, whether such claim fails because the DISTRICT is immune to common law tort claims.

5) If plaintiff attempts to state a cause of action for common law negligence, whether such claim fails because the DISTRICT is immune to common law tort claims.

6) If plaintiff attempts to state a cause of action for common law tort claims, whether such claims fail because he did not comply with the Tort Claims Act.

7) Whether plaintiff's complaint is so vague and ambiguous that a more definite pleading is required.

## III. STATEMENT OF FACTS

Plaintiff FRED HATTER was removed from the campus of defendant DISTRICT on or about May 15, 2007. *Complaint*, p. 7. He was accused of threatening a student who worked for the San Francisco Sheriff's Department at some earlier date. *Complaint*, p. 7. Prior to his removal from campus, plaintiff and the DISTRICT had meetings on the matter. *Complaint*, p. 7. Plaintiff alleges he did not threaten the student, but acknowledges he made a religious statement to her. *Complaint*, p.

1  7.

2  Plaintiff filed this complaint in Superior Court of California, in and for the County of San Francisco, on June 9, 2008. The DISTRICT removed this action to United States District Court, Northern District of California, on July 10, 2008.

## IV.    LEGAL ARGUMENT

### A.    AUTHORITY FOR MOTION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. *Levine v. Diamanthuset*, 950 F.2d 1278, 1483 (9th Cir. 1991). Dismissal of claims is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990). In determining the adequacy of a pleading, the court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. *Conley v. Gibson* 355 U.S. 41, 45-46 (1956); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir. 1978). However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994.)

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

### B.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR HARASSMENT OR DISCRIMINATION UNDER TITLE IX BECAUSE THE DISTRICT'S CONDUCT WAS NOT GENDER-BASED.

According to Title IX of the Education Amendments Act of 1972, "[n]o person in the United States shall, <u>on the basis of sex</u>, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" 20 U.S.C.A. § 1681(a) (emphasis added). According to the plain language of 20 U.S.C.A. § 1681(a), the discrimination must be "on the basis of sex", rather than some other factor.

1  *Id.* Discrimination "on the basis of sex" means treating a person in a way that would be different but for the person's sex. *See Jeldness v. Pearce*, 30 F.3d 1220, 1234 (9th Cir. 1994) (Kleinfeld, J. dissenting opinion).

In order to be actionable, the conduct by the entity receiving federal funds must be gender-based; allegedly abusive conduct that is not grounded in gender does not state a Title IX claim. *See* 20 U.S.C.A. § 1681(a); *Seamons v. Snow*, 84 F.3d 1226 (10th Cir. 1996) (affirming the dismissal of plaintiff's cause of action under Title IX for failure to state a claim upon which relief could be granted because the plaintiff failed to allege sufficient facts to show that school's conduct was based on his sex) (reversed and remanded on different grounds).

Here, plaintiff's complaint states he was "harassed by CCSF campus police…under Title IX…" *Complaint*, p. 6. He also alleges that "under IX U.S. Department of Education…this is discrimintion [sic]…" *Complaint*, p. 7. Both allegations appear to relate to conduct by the DISTRICT'S security officers or other employees of the DISTRICT. However, plaintiff does not allege facts that ground his cause of action in gender or allege that the DISTRICT'S conduct was motivated "on the basis of sex." 20 U.S.C.A. § 1681(a). Without alleging facts to suggest that the DISTRICT'S conduct towards him was motivated by his gender, plaintiff fails to state a claim for which relief can be granted. Plaintiff's cause of action for harassment and discrimination under Title IX should be dismissed.

**C. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR DISABILITY DISCRIMINATION BECAUSE HE FAILS TO ALLEGE THAT HE IS A QUALIFEID INDIVIDUAL WITH A DISABILITY AND THAT THE DISTRICT'S CONDUCT WAS MOTIVATED BY HIS DISABILITY.**

To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Weinreich v. Los Angeles County Metropolitan Transportation Authority,* 114 F.3d 976, 978 (9th Cir. 1997).

On page seven of plaintiff's complaint, he mentions "the disability act" in connection with

alleged discrimination. Assuming that plaintiff is attempting to allege a violation of the ADA, he fails to state a cause of action. Plaintiff does not allege under which title of the ADA he wishes to proceed. Plaintiff alleges no facts to show he is a qualified individual with a disability. Finally, plaintiff does not allege that the DISTRICT'S alleged conduct was by reason of his disability.

The required showing for a violation of Title II of the ADA is not overly-technical. However, plaintiff has fallen far short of pleading a cause of action for disability discrimination. Without allegations that he is a qualified individual with a disability and that the DISTRICT'S discriminatory conduct was by reason of said disability, plaintiff can not state a claim for which relief can be granted under Title II of the ADA.

**D.    PLAINTIFF'S CAUSES OF ACTION FOR INVASION OF PRIVACY AND NEGLIGENCE SHOULD BE DISMISSED BECAUSE THE DISTRICT AS A PUBLIC ENTITY IS IMMUNE FROM COMMON LAW TORT CLAIMS.**

The DISTRICT is immune from common law tort claims. Pursuant to California Government Code section 815 "[a] public entity is not liable for an injury," "[e]xcept as otherwise provided by statute." In *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925 (1998), the Supreme Court held: "Under the California Tort Claims Act, a public entity is not liable for injury arising from an act or omission except as provided by statute. Thus, in California, all government tort liability must be based on statute." *Id.* at 932.

As the court in *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112 (2002) observed, "'the intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances.'" *Id.* at 1127 (internal citations omitted).

Under the Tort Claims Act, an action for money or damages may not be maintained against a public entity unless a written claim for damages is timely presented to the public entity defendant and rejected in whole or in part. Cal. Govt. Code §§ 905, 905.2 & 945.4. In order to plead a valid cause of action for money or damages against a public entity, a plaintiff must allege compliance with the claim procedure or the existence of circumstances excusing compliance. Cal. Govt. Code § 945.4; *Chase v. State*, 67 Cal. App. 3d 808 (1977).

Plaintiff fails to identify any statutes that confer liability upon the DISTRICT in his state law claims

for invasion of privacy and negligence.  Further, plaintiff does not allege that he complied with the Tort Claims Act prior to filing his complaint.  The failure to cite a relevant statute, and compliance with the Tort Claims procedure, renders plaintiff's claims insufficient to state a claim upon which relief may be granted.

### E.  IN THE ALTERNATIVE, THE DISTRICT MOVES THIS COURT FOR A MORE DEFINITE STATEMENT.

Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

While the DISTRICT acknowledges that plaintiff is proceeding *in pro per* and that a motion for a more definite statement under Rule 12(e) is a disfavored motion, here, plaintiff's complaint is so deficient that a more definite statement should be required.

Plaintiff's complaint is nearly illegible and does not state a cause of action in a clear and coherent fashion.  The DISTRICT cannot decipher what cause(s) of action plaintiff is alleging because plaintiff merely inserts the names of statutes in the middle of his complaint.  The DISTRICT cannot tell if plaintiff intends to assert a cause of action for general negligence because plaintiff does not check the negligence box on the form complaint, but does add a general negligence form attachment to his complaint.  Further, except for the date of his removal from campus, plaintiff provides no dates of any of the other alleged conduct by the DISTRICT.  The DISTRICT is not put on notice of claims against it and is left to guess as to what claims, if any, plaintiff alleges.

### V.     CONCLUSION

For the foregoing reasons, defendant respectfully requests plaintiff's complaint be dismissed in its entirety, or in the alternative, that plaintiff be ordered to amend his complaint to cure the identified pleading deficiencies. If the Court does not dismiss plaintiff's complaint in its entirety, the DISTRICT respectfully requests a jury trial.

1 | Dated: July 15, 2008               BERTRAND, FOX & ELLIOT

By: _____/s/_____
EUGENE B. ELLIOT
CHRISTINE LEE
Attorneys for Defendant
SAN FRANCISCO COMMUNITY COLLEGE
DISTRICT