Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendant
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT
erroneously named herein as CITY COLLEGE OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED HATTER,<br><br>    Plaintiff,<br>vs.<br><br>CITY COLLEGE OF SAN FRANCISCO,<br><br>    Defendant. | Case No.:  CV08-3334 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [AMENDED]** |

Defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT (hereinafter "DISTRICT"), *erroneously named herein as* CITY COLLEGE OF SAN FRANCISCO'S Motion to Dismiss plaintiff FRED HATTER'S complaint, or, in the alternative, Motion for More Definite Statement, came on regularly for hearing on September 23, 2008 in Courtroom 3 of this Court. Plaintiff appeared in pro per and Christine Lee appeared for defendant.

The moving papers having been considered and all argument presented,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) be GRANTED.

To the extent that plaintiff intends to claim a violation of Title IX of the Education Amendments Act of 1972, he fails to state a cause of action because he does not state he was discriminated against on the basis of his gender. Title IX states, in relevant part: "No person in

1

[PROPOSED] ORDER GRANTING DEFENDANT SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S MOTION TO DISMISS/MORE DEFINITE STATEMENT[AMENDED]

the United States shall, <u>on the basis of sex</u>, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..." 20 U.S.C.A. § 1681(a) (emphasis added). According to the plain language of 20 U.S.C.A. § 1681(a), the discrimination must be "on the basis of sex", rather than some other factor. *Id.* Discrimination "on the basis of sex" means treating a person in a way that would be different but for the person's sex. *See Jeldness v. Pearce*, 30 F.3d 1220, 1234 (9th Cir. 1994) (Kleinfeld, J. dissenting opinion).

In order to be actionable, the conduct by the entity receiving federal funds must be gender-based; allegedly abusive conduct that is not grounded in gender does not state a Title IX claim. *See* 20 U.S.C.A. § 1681(a); *Seamons v. Snow*, 84 F.3d 1226 (10th Cir. 1996) (affirming the dismissal of plaintiff's cause of action under Title IX for failure to state a claim upon which relief could be granted because the plaintiff failed to allege sufficient facts to show that school's conduct was based on his sex) (reversed and remanded on different grounds in *Seamons v. Snow*, 206 F.3d 1021, 1024 (10th Cir. 2000)).

Plaintiff does not allege facts that ground his cause of action in gender or allege that the DISTRICT'S conduct was motivated "on the basis of sex." 20 U.S.C.A. § 1681(a). Without alleging facts to suggest that the DISTRICT'S conduct towards him was motivated by his gender, plaintiff fails to state a claim for which relief can be granted.

To state a cause of action for violation of the Americans with Disabilities Act ("ADA"), plaintiff must allege: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Weinreich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976, 978 (9th Cir. 1997). Here, plaintiff fails to state a cause of action because he does not allege he is a qualified individual with a disability, nor does he allege that the DISTRICT discriminated against him on the basis of his disability.

To the extent that plaintiff attempts to assert state law tort claims for invasion of privacy and general negligence, he fails to state a cause of action because the DISTRICT is immune from

2

[PROPOSED] ORDER GRANTING DEFENDANT SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S MOTION TO DISMISS/MORE DEFINITE STATEMENT[AMENDED]

1  common law tort claims. *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925 (1998). Further,
2  plaintiff failed to allege compliance with the California Tort Claims Act. Cal. Govt. Code § 945.4;
3  *Chase v. State*, 67 Cal. App. 3d 808 (1977). Plaintiff has not stated a valid cause of action against
4  the DISTRICT and his complaint is dismissed in its entirety.

5      Plaintiff's complaint is vague and unintelligible so that the DISTRICT is unable to form a
6  meaningful response. FRCP Rule 12(e). The legal theories plaintiff intends to rely upon are
7  unclear and several of plaintiff's allegations are undated. Plaintiff is directed to amend his
8  complaint to identify which legal theory he intends to proceed under and how his rights were
9  violated. He must identify the dates of each action and identify the statutory basis for each cause of
10 action, where applicable.

11     The first amended complaint should be filed and served within ten days of this order.
12 Failure to file an amended complaint within ten days of this order subjects the complaint to
13 dismissal.

14 IT IS SO ORDERED.

15

16 Dated: _____          _____
                                          HONORABLE SAUNDRA B. ARMSTRONG

1  I, Jan Taheny declare that:

2  I am employed in the County of San Francisco, California; I am over the age of eighteen years
3  and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco,
4  California 94109.

5  I am readily familiar with the practice of Bertrand, Fox, & Elliot for the processing of
6  correspondence, said practice being that in the ordinary course of business, correspondence is
7  deposited in the United States Postal Service the same day as it is placed for processing.

8  On **July 18, 2008**, I served the following document(s):

9  **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [AMENDED]**

10

11  in said cause, on the following interested parties:

12  Fred Hatter                          *Pro Per Plaintiff*
    106 Jules Ave.
13  San Francisco, CA  94112

14  Said service was performed in the following manner:

15

16  **( X )  BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope
    addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and
17  mailing at San Francisco, California, following the above-stated business practice, on this date.

18  I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct. Executed **July 18, 2008**, at San Francisco, California.

19

20                                      _/s/ Jan Taheny_
21                                      Jan Taheny

22

23

24

25

26

27

28

1

PROOF OF SERVICE